ILLINOIS EMERGENCY RELIEF COMMISSION, No. 33.

ROBERT C. EARDLEY, Claimant *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed September 14, 1938.*

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of *Robert C. Eardley* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

It appears from the statement of facts submitted that claimant was, on the 25th day of January, A. D. 1938, employed as a legal representative for the Illinois Emergency Relief Commission.

That in addition to his duties of appearing and trying civil suits in the various courts of this State, he was required to assist the States Attorney's Office in the prosecution of fraud cases involving relief clients, and in connection therewith to file claims in the Probate and County Courts where relief was charged to have been secured by fraud. His duties further necessitated investigation by him of improper actions committed by relief recipients throughout the State, and to interview such relief recipients who have threatened or intimidated case workers or caused disturbances in the District Offices of the Commission. That on the day stated Mr. Eardley, while in the course of his duties, was driving to Springfield, Illinois on State Route No. 66 in the car then operated by his superior, Mr. R. M. Hilliard, approximately one mile North of Atlanta, Illinois, the car struck a thin sheet of ice, swerved to the lefthand side of the road, rolled over four times and was completely demolished. Claimant was rendered semi-conscious by the accident and was immediately taken to a Doctor's Office at Atlanta, Illinois, where first-aid was rendered and sutures taken in the cuts in the forehead. From there he was taken by ambulance to the hospital at Lincoln, Illinois, and the following day was removed to Chicago Passavant Memorial Hospital, where he remained until January 30, 1938. It further appears from the supplemental statement filed herein that:

"The Illinois Emergency Relief Commission was created by an Act of the General Assembly of the State of Illinois effective February 6, 1932. Chapter 23, Section 464 of the Illinois Bar Statutes 1935 sets out the duties of said commission which are as follows:

842

"*Powers and Duties.* It shall be the duty of the Commission until March 1, 1937, to provide relief to residents of the State of Illinois, who, by reason of unemployment or otherwise, are destitute and in necessitous circumstances. Such relief shall be provided by distributing funds or supplies and by any means deemed desirable by the Commission. For the purpose of carrying out the provisions of this Act, the Commission may make use of and cooperate with counties, townships, and any other municipal corporations charged by law with the duty of poor relief and with other local relief agencies."

The Illinois Emergency Relief Commission has created many Departments within itself since its creation through which relief is administered; such as Maintenance Departments, Furniture Shops, Mattress Factories, Canneries, Work Relief Divisions and other Divisions or Departments too numerous to mention. Said Maintenance Department has charge of maintenance work in all buildings operated by the Illinois Emergency Relief Commission. Said work includes plumbing, carpentry, janitor work, engineering, and general repair work. Said Furniture Shop manufactures furniture which is used in relief offices throughout the State. Said Mattress Factories manufacture mattresses for relief recipients and for shelters operated by the Illinois Emergency Relief Commission. Said Canneries preserve vegetables and fruits which have been grown by relief recipients on Illinois Emergency Relief Commission soil. Said Work Relief Division furnishes men to the State Highway Departments, counties, townships, cities and parks for general maintenance work. All of the above enterprises or projects use sharp-edged cutting tools such as saws, chisels, mattocks and axes. Said buildings operate electric motors, elevators and boilers, all of which are governed by municipal ordinances."

The records of the I. E. R. C. show that from September, 1933 to July, 1938 there have been five hundred thirty-two (532) disorderly conduct and assault and battery cases involving case workers and other employees of the I. E. R. C., said assaults being perpetrated by relief recipients in the course of their contacts with I. E. R. C. employees. Of this number four hundred ninety-nine (499) were prosecuted in the Criminal Courts of the State. Seventeen (17) were sent to psychopathic hospitals and three hundred sixteen (316) others found guilty of the charge.

We have heretofore held that case workers who have suffered accidental injuries in the course of the performance of their duties for the Illinois Emergency Relief Commission

were engaged in work of a hazardous nature, and that injuries sustained by them arising out of and in the course of their employment were compensable. While claimant herein was engaged in the performance of legal duties, the actual services performed by him apparently necessitated the same contacts in many instances as those of case workers. From the statement of facts submitted we do not believe a distinction can properly be drawn between those cases in which payment of compensation has been approved, and the present case.

We are therefore of the opinion that the Commission is properly justified in recognizing Mr. Eardley's claim for doctor, hospital and medical bills sustained by him, in the sum of Four Hundred Fifty-three and 75/100 ($453.75) Dollars for injuries incurred as the result of said accident. No question of compensation is raised in the statement submitted either for temporary or permanent disability. Payment of the claim as hereinabove stated is recommended, same to be made by the Illinois Emergency Relief Commission out of any funds held by it and allocated for such purpose.